IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| ZEBADIAH ARRINGTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: 1:09-cv-6654 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER J. WARNKE (Star # 9138), | ) ) ) | Honorable Judge Darrah |
| | ) | Magistrate Judge Cole |
| Defendants. | ) ) | **JURY DEMAND** |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1**

**MOTION TO BAR REFERENCE TO PLAINTIFF'S
PREVIOUS AND SUBSEQUENT ARRESTS**

Plaintiff Zebadiah Arrington, by and through his attorneys Barbara C. Long and the Shiller Preyar Law Offices, respectfully requests an order barring any reference to Plaintiff's arrests occurring prior and subsequent to the date of the incident, July 26, 2008. In support, Plaintiff states as follows:

Plaintiff believes that Defendant seeks to introduce three un-described, and putatively statutorily-protected juvenile graffiti arrests from when Plaintiff was 13-years old. Plaintiffs have very limited information regarding whatever Defendants have, because nothing has been produced and the juvenile records are supposed to be sealed.

Such evidence is constitutes improper 404(b) evidence, is not relevant, and its probative value is substantially outweighed by the dangers of unfair prejudice to Plaintiff and confusion of the issues, and appears to violate state law. In addition to these three 2004 juvenile arrests, there is also a subsequent graffiti arrest where the charges are still pending in New York. Plaintiff

does not seek to shield from the jury the fact that he was arrested on that date of the incident or that he ultimately pled guilty to Criminal Damage to Property.

At the offset it is important to note that the first three arrests occurred when Plaintiff was thirteen years old; therefore, any arrest reports or other documents related to those arrests may only be disclosed with a court order. 705 ILCS 405/1-8(C). By obtaining the arrest reports without such an order, the Defendants have apparently violated the confidentiality provisions of section 1-8 of the Act. For this reason alone, the records should not be admitted as per section 1-8(C)(0.4).

Moreover, Federal Rule of Evidence Rule 404(b) specifically provides that evidence of other crimes, wrongs, or acts "is not admissible to prove the character of a person in order to show action in conformity therewith." Indeed it is well-settled law that arrests that do not result in convictions are inadmissible in civil rights cases and that arrests that do not lead convictions "classic candidates for exclusion under FRE 404(b)." *Gregory v. Oliver,* 2003 WL 1860270, at *1 (N.D. Ill. April 9, 2003). Even an indirect reference to arrests is improper. *Anderson v. Sternes,* 243 F.3d 1049, 1054 (7th Cir. 2001). An arrest without conviction "is a matter of slight probative value…" and "such inquiries threaten more to confuse than to enlighten." *Jones v. Scientific Colors, Inc.,* 2001 WL 668943, at *2 (N.D. Ill. 2001).

In this case, Plaintiff alleges that excessive force was used against him by the Defendant. The fact that he has been arrested in the past has no conceivable relevance to this claim and can only serve to unduly prejudice him. Similarly, the fact that Plaintiff was subsequently charged and that those charges are still pending does not tend to make the existence of any fact more or less probable. To the contrary, such evidence would be unfairly prejudicial, constitute improper "prior bad acts" evidence, and would confuse the jury as to the central issue in this case: whether

Defendant Warnke used excessive force on Plaintiff. Given the complete lack of relevance to any claim, the evidence would only serve to "dirty up" the Plaintiff and attempt to persuade the jury to disregard his excessive force claim.

WHEREFORE, Plaintiff requests this Honorable Court enter an order barring any evidence of Plaintiff's prior and subsequent arrests.

Respectfully submitted,

s/ Barbara C. Long
Barbara C. Long

Shiller Preyar Law Offices
4554 N. Broadway, Suite 325
Chicago, IL 60640
773-907-0940

CERTIFICATE OF SERVICE

Barbara C. Long, attorney for Plaintiff, hereby certifies that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.

s/ Barbara C. Long