IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| ZEBADIAH ARRINGTON | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No: 1:09-cv-6654 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER J. WARNKE (Star # 9138), | ) ) ) | Honorable Judge Darrah |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |
| | ) | **JURY DEMAND** |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2**

**MOTION TO BAR ANY REFERENCE TO DISMISSED
CHARGE FOR POSSESSION OF MARIJUANA**

Plaintiff Zebadiah Arrington, by counsel, respectfully requests an order barring reference to the charge brought against him for possession of less than 2.5 grams of marijuana on July 26, 2008. In support, Plaintiff states as follows:

Plaintiff anticipates that Defendants may attempt to introduce evidence of charges arising from the incident on July 26, 2008 that were ultimately dismissed prior to his conviction. Such evidence is not admissible because it is not relevant and even if there were some marginal relevance, the probative value is substantially outweighed by the dangers of unfair prejudice to Plaintiff and confusion of the issues.

In this case, Plaintiff was initially charged with four offenses: 1) criminal defacement of property; 2) possession of less than 2.5 grams of cannabis; 3) possession of paint/marker with intent to deface; and 4) resisting or obstructing a peace officer. On August 20, 2008, Plaintiff

was indicted for two counts of aggravated battery to a police officer, one count of aggravated battery in a public place, and one count of resisting arrest. Subsequently, Plaintiff pleaded guilty to only one count: misdemeanor criminal damage to Defendant Warnke's watch.

The charge for possession of marijuana is irrelevant and highly prejudicial, and should not be admitted. As this Court is aware, "All relevant evidence is admissible, except as provided by the Constitution of the United States, by Act of Congress, by these Rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant where it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence is relevant, however, it may be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Here, there is no conceivable relevance as there is no evidence that Plaintiff was under the influence of marijuana at the time of his arrest, and Defendant Warnke did not know of the marijuana in Plaintiff's backpack until after Plaintiff was arrested. Thus, the possession of marijuana and charge that was brought but ultimately dismissed has no relevance and would constitute improper 404(b) evidence of prior bad acts.

Moreover, the Seventh Circuit has frequently noted that courts must pay particular attention to the "considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." *Kunz*, 538 F.3d at 677, quoting *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987). *See also United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007); *United States v. Robinson*, 956 F.2d 1388,

2

1397-98 (7th Cir. 1992).  Thus, any reference to the charge for Plaintiff's possession of a small amount of marijuana would be unfairly prejudicial because, for some jurors, potential drug use is a "deal breaker," so inflammatory a fact for them as to prevent them from fairly fulfilling their duty to assess whether or not the Constitution has been violated.

      WHEREFORE, Plaintiff requests this Honorable Court enter an order barring any evidence of Plaintiff's dismissed charge for possession of marijuana.

                                    Respectfully submitted,

                                      s/ Barbara C. Long
                                        Barbara C. Long

Shiller*Preyar Law Offices
4554 N. Broadway, Suite 325
Chicago, IL 60640
773-907-0940

CERTIFICATE OF SERVICE

Barbara C. Long, attorney for Plaintiff, hereby certifies that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.

s/ Barbara C. Long