# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | | |
|---|---|---|
| ZEBADIAH ARRINGTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: 1:09-cv-6654 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER J. WARNKE (Star # 9138), | ) ) ) | Honorable Judge Darrah |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |
| | ) | **JURY DEMAND** |

## PLAINTIFF'S MOTION *IN LIMINE* NO. 3

### MOTION TO BAR ANY REFERENCE TO CONTENTS OF PLAINTIFF'S BACKPACK ON JULY 26, 2008

Plaintiff Zebadiah Arrington, by and through his attorneys Barbara C. Long and the Shiller Preyar Law Offices, respectfully requests an order barring any reference to the contents of Plaintiff's backpack on July 26, 2008. In support, Plaintiff states as follows:

Subsequent to Plaintiff's arrest on July 26, 2008, the Chicago Police Department performed a custodial search and found less than a gram of marijuana in a small bag, multiple cans of spray paint, and a digital camera in Plaintiff's backpack. Plaintiff anticipates that Defendant may seek to introduce evidence related to these items. Such evidence should be excluded because the contents of Plaintiff's backpack are not relevant because they do not make any fact of consequence to the determination of this lawsuit any more or less probable than it would be without the evidence.

Under Federal Rule 402, "All relevant evidence is admissible, except as provided by the Constitution of the United States, by Act of Congress, by these Rules, or by other rules

prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Evidence is relevant where it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Still, even if evidence is relevant, Federal Rule 402 provides that it may be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In an excessive force civil rights action, the determination of whether the use of force was unreasonable is judged from the perspective of a reasonable officer facing the same circumstances that Defendant faced, based upon what the officer knew at the time of the arrest. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985); *Deering v. Reich*, 183 F.3d 645 (7th Cir. 1999). Thus, the question is what Defendant knew at the time he arrested Plaintiff. While Defendant may testify that he saw Plaintiff tag property and thus had one can of paint in his possession, there has been no suggestion that he knew how many cans of spray paint Plaintiff had in his backpack or any of its other contents. Moreover, Plaintiff does not deny that the tagging was illegal and has not brought a claim for false arrest. Given the complete lack of relevance, admitting as evidence the quantity of cans could only serve to "dirty up" the Plaintiff in the minds of the jury and confuse the central issue of whether Defendant Warnke used excessive force against him. Using such evidence in that manner would be clearly improper under Federal Rule of Evidence Rule 404(b), which specifically provides that evidence of other crimes, wrongs, or acts "is not admissible to prove the character of a person in order to show action in conformity therewith."

2

The Seventh Circuit has frequently noted that courts must pay particular attention to the "considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." *Kunz*, 538 F.3d at 677, quoting *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987). *See also United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007); *United States v. Robinson*, 956 F.2d 1388, 1397-98 (7th Cir. 1992). Thus, any reference to Plaintiff's possession of a small amount of marijuana would be unfairly prejudicial because, for some jurors, drug use is a "deal breaker," so inflammatory a fact for them as to prevent them from fairly fulfilling their duty to assess whether or not the Constitution has been violated.

WHEREFORE, Plaintiff requests this Honorable Court enter an order barring any reference to the contents of Plaintiff's backpack on July 26, 2008.

                                                Respectfully submitted,

                                                s/ Barbara C. Long
                                                  Barbara C. Long

Shiller Preyar Law Offices
4554 N. Broadway, Suite 325
Chicago, IL 60640
773-907-0940

CERTIFICATE OF SERVICE

Barbara C. Long, attorney for Plaintiff, hereby certifies that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.

s/ Barbara C. Long